ORIGINAL

cc: π only

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
MAY 01 2020
at 12 o'clock and 10 min. P M
CLERK, U.S. DISTRICT COURT

BRIAN EVANS, Plaintiff, Pro Se

v.

Florence Carey

Crowe & Mulvey, LLP,

Cosgrover, Eisenberg, & Kiley, PC,

Lewis C. Eisenberg, individually and in his Official Capacity as attorney for Cosgrover, Eisenberg, & Kiley, PC,

DOES 1-10

**CASE NUMBER 20-00082 JMS-KJM**

**FIRST AMENDED COMPLAINT**

**FOR NEGLIGENT MISREPRESENTATION;**

**MISAPPROPRIATION OF LIKENESS;**

**FALSE LIGHT;**

**UNJUST ENRICHMENT;**

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;**

**DEMAND FOR JURY TRIAL**

## INTRODUCTION

1. This case arises from the Defendants, who upon notification that they were going to be sued for Legal Malpractice after they no longer represented me, posted a video that sought to give the false impression that Plaintiff was happy with their work. The video

Received By Mail Date 5/1/2020

Mailed On Date 5/1/20

1

was removed, without consent, from Plaintiff's personal website, and posted in attempt to Negligently Misrepresent the Plaintiff's opinion of their services.

2. Plaintiff never provided permission to the Defendants to post any video of himself online, and into Hawaii, nor was he ever compensated for such an advertisement on their own personal YouTube Page. It was the only video the firm had ever posted on their YouTube page ever, only done so after Notice was given of a forthcoming lawsuit pertaining to my mother's wrongful death case. The Plaintiff's were not using this video under any law governing a public figure, as the intentions are clear given the timing of posting the video in question, meant to destroy Plaintiff's credibility, when the Defendants knew Plaintiff did not realize that the Defendants had committed legal malpractice (this action occurred after the Defendants knew they were no longer my attorneys) prior to their posting of it.

3. Posting videos online on YouTube results in royalty payments to the account of the Defendants. No consent, as former counsel for the Plaintiff, was ever given to the Defendants to post and then earn royalties of such a video.

4. Defendants attempted to present the Plaintiff in False Light, knowing they were about to be sued in Massachusetts (with full disclosure to Your Honor, a law firm in Massachusetts will be representing that case on contingency). Posting this video online, knowing that the Plaintiff both retained them and was living in Hawaii after they were no longer my attorney, was meant to hurt the Plaintiffs reputation and forthcoming legal accusations.

5. It was Negligent Representation to make it appear that the Plaintiff was happy with the work of the Defendants when they posted a video of the Plaintiff after they were Noticed of forthcoming legal actions in Massachusetts.

## JURISDICTION AND VENUE

This Honorable Court has already Ruled that Plaintiff has established jurisdiction in it's Order Vacating Order To Show Cause, and this case is filed under Diversity Jurisdiction.

## PARTIES

Plaintiff, Brian Evans, is a resident and domiciled in the State of Hawaii, City of Kihei, Maui County

Florence Carey, Citizen of Massachusetts

Crowe & Mulvey, LLP, incorporated and principal place of business is Massachusetts

Cosgrover, Eisenberg, & Kiley, PC, incorporated and principal place of business is Massachusetts

Lewis C. Eisenberg, individually and in his Official Capacity as attorney for Cosgrover, Eisenberg, & Kiley, PC, a Citizen of Massachusetts

## IDENTITY OF PARTNERS OF CROWE & MULVEY

Although this Court has already ruled on Plaintiff's OSC, Plaintiff for the purposes of this Complaint again identifies the partners as Philip J. Crowe, Founding Partner, Crowe & Mulvey, Citizen of the United States in Massachusetts, and Elizabeth N. Mulvey, Founding Partner, citizen of the United States in Massachusetts.

## LEGAL FRAMEWORK

### Elements of a Claim for Unlawful Use of Name or Likeness

1. Use of a Protected Attribute: The plaintiff must show that the defendant used an aspect of his or her identity that is protected by the law. This ordinarily means a plaintiff's name or likeness, but the law protects certain other personal attributes as well. In this present case, the Plaintiff can do so.

2. For an Exploitative Purpose: The plaintiff must show that the defendant used his name, likeness, or other personal attributes for commercial or other exploitative purposes. Use of someone's name or likeness for news reporting and other expressive purposes is not exploitative, so long as there is a reasonable relationship between the use of the plaintiff's identity and a matter of legitimate public interest. In this present

3

case, the Defendants sought to misrepresent the Plaintiff's views of them by posting a video after Notice was given of Intent to Sue for Legal Malpractice. Defendants conspired to post this video online as a means of defending what they knew to be oncoming litigation.

3. No Consent: The plaintiff must establish that he or she did not give permission for the offending use. Permission was never given by the Plaintiff.

### Negligent Misrepresentation

A statement which is "technically true" but which is later used to give a misleading impression is deemed an "untrue statement." (Krawowski v. Eurolynx).
"If a statement is true at the time, but becomes untrue due to a change in circumstances, the representor must update the original statement" (With v. Flanagan 1936, Ch. 575, 584). In this current action, the Defendants didn't release the video as a "statement" by the Plaintiff until they knew they were going to be sued.

Courts construe liberally pro se pleadings. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). Courts "must accept the well pleaded facts as true and resolve them in the light most favorable to the plaintiff" Paradise Divers, Inc. v. Upmal, 402 F.3d 1087, 1089 (11th Cir. 2005) (citation omitted).

### False Light

False light privacy claims often arise under the same facts as defamation cases, and therefore not all states recognize false light actions. There is a subtle difference in the way courts view the legal theories—false light cases are about damage to a person's personal feelings or dignity, whereas defamation is about damage to a person's reputation, as defined by the Restatement (Second) of Torts (1977)

4

The specific elements of the tort of false light vary considerably, even among those jurisdictions which do recognize this Tort. Generally, these elements consist of the following:

A publication by the defendant about the plaintiff;

made with actual malice (very similar to that type required by New York Times v. Sullivan in "Defamation" cases);h

which places the Plaintiff in a false light; AND

that would be highly offensive (i.e., embarrassing to reasonable persons).

The case of Warren E. Spahn v. Julian Messner, Inc.,[11] is a leading New York Court of Appeals of the State of New York court case involving the civil tort of false light that involved, among other things, a knowing lie. The Defendants didn't post the video that is the cause of this action until after they were Noticed of an Intent to Sue for Legal Malpractice.

False light invasion of privacy is not protected by the First Amendment.

In Time, Inc. v. Hill (1967) and Cantrell v. Forest City Publishing Co. (1974), the Supreme Court sanctioned the claim as exempt from First Amendment protection.

### Unjust Enrichment

Unjust enrichment occurs when one person is enriched at the expense of another in circumstances that the law sees as unjust (see generally: Mitchell et al, Goff & Jones Law of Unjust Enrichment (Sweet & Maxwell, 8th ed, 2011); Graham Virgo, The Principles of the Law of Restitution (3rd ed, 2015); Andrew Burrows, The Law of Restitution (3rd ed, 2011); Mason, Carter, and Tolhurst, Mason & Carter's Restitution Law in Australia (LexisNexis, 2nd ed, 2008). On unjust enrichment as a 'unifying legal concept', see the judgment of Deane J in Pavey & Mathews v Paul (1987) 162 CLR 221.). Defendants had no permission or authority to promote their law firm on their own YouTube page without permission in order to promote their law firm, when they knew in fact that they were only doing so after being advised of a forthcoming lawsuit.

## Misappropriation Of Likeness

The term "right of publicity" originated in Haelan Laboratories, Inc. v. Topps Chewing Gum, Inc., when the Second Circuit felt compelled to differentiate professional baseball players' privacy rights from their commercial rights to grant a company the exclusive right to use their photographs on baseball cards. The court's decision precluded Topps from printing baseball cards bearing player's images without the player's permission. The Defendants didn't just print my image, the published a video of my face following the wrongful death trial of Plaintiff's mother.

In *Abdul-Jabbar v. Gen. Motors Corp., 85 F.3d 407, 415 (9th Cir. 1996)* It was stated, "We hold that Abdul–Jabbar has alleged sufficient facts to state a claim under both California common law and section 3344. The statute's reference to "name or likeness" is not limited to present or current use. To the extent GMC's use of the plaintiff's birth name attracted television viewers' attention, GMC gained a commercial advantage."

## Intentional Infliction of Emotional Distress

Under Hawaii law, a Plaintiff must show (1) that the act allegedly causing the harm was intentional or reckless, (2) that the act was outrageous, and (3), that the act caused extreme emotional distress to another." Enoka v. AIG Haw. Ins. Co., 109 Haw. 537, 559, 128 P.3d 850, 872 (2006). The Plaintiff contends that there can be no more an outrageous act than taking advantage of the Plaintiff after his mother's wrongful death trial by posting a video of him praising them after they were noticed of Plaintiff's intent to sue for Legal Malpractice. The Defendants knew the Plaintiff no longer believed that, and *then* posted the video. A psychologist will testify as to the emotional distress that this has caused the Plaintiff. The conduct of the Defendants were intentional, with malice, and meant to cause the Plaintiff the emotional stress that it did. It was intentional, deceitful, and without consideration of what the Plaintiff would feel when seeing such a video, now knowing that these same Defendants had botched the Plaintiff's case that they previously represented him in, that of his mother's death following knee surgery.

## FACTUAL ALLEGATIONS

1. The Defendants were Noticed that they were going to be sued for Legal Malpractice. Immediately thereafter, the Defendants set up their own YouTube page, and posted only one video (ever), that of the Plaintiff prior to his knowledge that Legal Malpractice had occurred but posted only after his Notice of Intent to Sue. This Negligent Misrepresentation has caused the Plaintiff harm.

2. Plaintiff was put in a false light by the Defendants, claiming he was praising them when the Defendants knew of Plaintiff's intent to sue for Legal Malpractice.

3. Defendants did not seek, nor have any permission, to remove from his personal private web page video to then promote their own law firm. This amount to unjust enrichment by using the Defendants likeness without his permission or agreed to fee. The Defendants used this video to "beat me to the punch" by promoting me while knowing Plaintiff intended to sue them. The Misappropriation of my likeness to promote their law firm only after Plaintiff alleged Legal Malpractice was done with malice, was intentionally done to cause the Plaintiff harm to his name, likeness, reputation, and to attempt to mislead the public via their public YouTube internet page with only one single video ever published: The Plaintiffs.

4. The elements of common-law misappropriation require a plaintiff to plead, among other elements, an injury resulting from "the appropriation of plaintiff's name or likeness to defendant's advantage commercially." Id. The "doctrine of unjust enrichment is an old equitable remedy permitting the court in equity and good conscience to disallow one to be unjustly enriched at the expense of another." Avis Rent A Car Sys., Inc. v. Heilman, 876 So. 2d 1111, 1123 (Ala. 2003).

## CAUSES OF ACTION

FOR NEGLIGENT MISREPRESENTATION;

MISAPPROPRIATION OF LIKENESS;

FALSE LIGHT;

UNJUST ENRICHMENT;

INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;

Descriptions of each are described above.

**REQUEST FOR RELIEF**

A. For compensatory damages in an amount to be proven at trial, but in an amount over $75,000;

B. For punitive and exemplary damages for an amount to be proven at trial;

C. For other such relief as the Court deems just and proper.

**JURY TRIAL DEMANDED**

Respectfully submitted,

_____

BRIAN EVANS,

PLAINTIFF, PRO SE

April 29th, 2020