IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BRIAN EVANS, | Civ. No. 20-00082 JMS-KJM |
| Plaintiff, | ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |
| vs. | |
| CROWE & MULVEY, LLP, ET AL., | |
| Defendants. | |

## ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND

## I. INTRODUCTION

On April 22, 2020,[1] this court issued an Order dismissing pro se

Plaintiff Brian Evans' ("Plaintiff") Complaint with leave to amend (the "April 22

Order"). ECF No. 9.[2] On May 1, 2020, Plaintiff filed a First Amended Complaint

("FAC") against Defendants Crowe & Mulvey, LLP ("C&M"); C&M attorney

Florence Carey ("Carey"); Cosgrover, Eisenberg & Kiley, PC ("CE&K"); and

CE&K attorney Lewis C. Eisenberg ("Eisenberg") (collectively, "Defendants").

ECF No. 10. For the reasons discussed below, the FAC is DISMISSED pursuant

---

[1] The April 22, 2020 Order was not entered onto the docket until April 23, 2020.

[2] The April 22, 2020 Order also vacated an Order to Show Cause regarding subject-matter jurisdiction and granted Plaintiff's application to proceed in forma pauperis. *See* ECF No. 9 at PageID #57.

to 28 U.S.C. § 1915(e)(2) for failure to state a claim.  Plaintiff may file a second

amended complaint on or before June 29, 2020.  This action will be dismissed

without prejudice if Plaintiff fails to timely file an amended complaint that

attempts to cure the deficiencies noted in this Order.

## II.  <u>BACKGROUND</u>[3]

### A.     The Complaint

Plaintiff's original Complaint alleged that Defendants C&M and

Carey represented him in "his mother['']s wrongful death trial."  ECF No. 1 at

PageID #4.  As alleged, Plaintiff recorded a video testimonial of C&M's services,

but then later notified "Defendants" that he intended to sue C&M for legal

malpractice.  *Id.*  Thereafter, Eisenberg and CE&K conspired to post the video on

YouTube.  *Id.*; ECF No. 1-1 at PageID #8.  Plaintiff alleged that the video was

posted without his authorization and that the posting has caused him "extreme

emotional distress."  ECF No. 1 at PageID #4.  The Complaint alleged state-law

claims for breach of contract, intentional infliction of emotional distress ("IIED"),

---

[3] For purposes of screening, facts alleged in the Complaint are accepted as true and construed in the light most favorable to Plaintiff.  *See Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014).

and coercion, for which Plaintiff sought $1 million in compensatory, punitive, and exemplary damages.  *Id.*

The court dismissed this Complaint for failure to state a claim.  More specifically, the court explained that the Complaint:

> fails to comply with [Federal Rule of Civil Procedure] 8. The Complaint lists three causes of action but fails to connect each legal claim to specific conduct of a particular defendant.  That is, the Complaint fails to set forth each claim along with factual allegations to support each claim as to each Defendant.
>
> Even construed liberally, the court and Defendants must guess as to which claims are asserted against which Defendants and what factual allegations support each claim.

ECF No. 9 at PageID #48-49.  The court also identified specific deficiencies as to each claim.  *See id.* at PageID #49-54.  The court instructed Plaintiff that if he chose to amend, he must allege "what each Defendant did (or failed to do) and how those specific facts create a plausible claim for relief in reference to a specific cause of action."  *Id.* at PageID #55.  In addition, the amended complaint "may not incorporate any part of the original Complaint . . . rather, any specific allegations must be retyped or rewritten in their entirety."  *Id.* at PageID #56.

///

///

3

**B.     The FAC**

The FAC alleges that "Defendants . . . posted a video . . . to give the false impression that Plaintiff was happy with their work."  ECF No. 10 at PageID #58.  Defendants posted the video after their representation of Plaintiff had ended and after being notified that Plaintiff intended to sue them for legal malpractice. *Id.*  "The video was removed, without consent, from Plaintiff's personal website." *Id.* at PageID #59.  The FAC further alleges that Plaintiff was not "compensated for such an advertisement on [Defendants'] personal YouTube Page," and that this is the "only video the firm had ever posted on their own YouTube page."  *Id.*

In addition, the posting of videos on YouTube allegedly "results in royalty payments to the account of the Defendants," but Plaintiff never gave Defendants consent to "earn royalties" from his video.  *Id.*  And "Plaintiff contends that there can be no more an outrageous act than taking advantage of the Plaintiff after his mother's wrongful death trial by posting a video of him praising them after" receiving notice of Plaintiff's intent to sue them for legal malpractice and "without consideration of what the Plaintiff would feel when seeing such a video, now knowing that these same Defendants had botched the Plaintiff's case . . . [involving] his mother's death following knee surgery."  *Id.* at PageID #63.  The

FAC alleges that Defendants' posting of the video has caused him to suffer emotional distress.  *Id.*

The FAC alleges claims against all Defendants for negligent misrepresentation, misappropriation of likeness, false light, unjust enrichment, and IIED.  *Id.* at PageID #64-65.  And Plaintiff seeks compensatory damages in excess of $75,000, plus an unspecified amount of punitive and exemplary damages.  *Id.* at PageID #65.

## III.  <u>STANDARDS OF REVIEW</u>

The court must screen the pleading for each civil action commenced pursuant to 28 U.S.C. § 1915(a), governing IFP proceedings, and sua sponte dismiss a complaint or claim that is "frivolous, malicious, fail[s] to state a claim upon which relief may be granted, or seek[s] monetary relief from a defendant immune from such relief."  28 U.S.C. § 1915(e)(2)(B); *see Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an in forma pauperis complaint that fails to state a claim).

Screening under § 1915(e)(2) involves the same standard of review as that used under Federal Rule of Civil Procedure 12(b)(6).  *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012).  Under Rule 12(b)(6), a complaint must "contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see UMG Recordings, Inc. v. Shelter Capital Partners LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013) (recognizing that a complaint that fails to allege a cognizable legal theory or alleges insufficient facts under a cognizable legal theory fails to state a plausible claim) (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

In addition, Federal Rule of Civil Procedure 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  That is, to state a plausible claim, a plaintiff must allege a factual and legal basis for each claim, such that each defendant is provided fair notice of what each claim is and the grounds upon which each claim rests.  *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002); *Twombly*, 550 U.S. at 556-57, 562-563.  Detailed factual allegations are not required, but conclusory statements, "unadorned, the-defendant-unlawfully-harmed-me accusation[s]," and factual allegations that only permit the court to infer "the mere possibility of misconduct" fall short of meeting the plausibility standard.  *Iqbal*, 556 U.S. at 678-79; *see also Starr v. Baca*, 652 F.3d 1202, 1216-17 (9th Cir. 2011); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  In short, the court may dismiss a

complaint for violation of Rule 8 if a defendant would have difficulty responding to the claims, *see Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011), even if the complaint is not "wholly without merit," *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996).

Plaintiff appears pro se; consequently, the court liberally construes the Complaint. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted); *see also Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (per curiam). The court must grant leave to amend if it appears that the plaintiff can correct the defects in the complaint, *Lopez*, 203 F.3d at 1130, but if a claim or complaint cannot be saved by amendment, dismissal with prejudice is appropriate, *Sylvia v. Landfield Tr. v. City of L.A.*, 729 F.3d 1189, 1196 (9th Cir. 2013).

## IV.  DISCUSSION

Plaintiff's FAC fails to correct the deficiencies identified in the April 22 Order and fails to allege facts sufficient to state cognizable claims.

### A.    Failure to Comply with Rule 8

Despite the court's previous guidance, Plaintiff's pleading again fails to comply with Rule 8. For example, the FAC does not allege what each Defendant did or did not do. Nor does it allege which claims are asserted against each Defendant. Rather, the FAC attributes each factual allegation to all

Defendants and asserts all claims against all Defendants.  In this manner, the FAC

contains even fewer specifics as to each Defendant than the Complaint, which

itself was deficient in this respect.  Although Plaintiff attempted to identify which

factual allegations support each claim, he failed to connect each of those

allegations and claims to any specific Defendant.

   Thus, once again, even construed liberally, the court and Defendants

must guess as to which claims are asserted against which Defendants and what

factual allegations regarding each Defendant support each claim against each

Defendant.  Accordingly, the Complaint is DISMISSED for failure to comply with

Rule 8.  *See Cafasso*, 637 F.3d at 1059; *see also McHenry*, 84 F.3d at 1180

("Something labeled a complaint but written more as a press release, prolix in

evidentiary detail, yet without simplicity, conciseness and clarity as to whom

plaintiffs are suing for what wrongs, fails to perform the essential functions of a

complaint.").

   Failure to comply with Rule 8 is reason enough to dismiss the FAC,

but to assist Plaintiff, the court also addresses the deficiencies of each claim.

**B.**  **Negligent Misrepresentation**

   Under Hawaii law, "[n]egligent misrepresentation has the following

elements: '(1) false information be supplied as a result of the failure to exercise

reasonable care or competence in communicating the information; (2) the person

for whose benefit the information is supplied suffered the loss; and (3) the recipient

relies upon the misrepresentation.'" *Santiago v. Tanaka*, 137 Haw. 137, 153-54,

366 P.3d 612, 628-29 (2016) (quoting *Blair v. Ing*, 95 Haw. 247, 269, 21 P.3d 452,

474 (2001)) (other citations omitted).  The loss must be a pecuniary one; that is, a

plaintiff "may recover the pecuniary losses caused by [his] justifiable reliance on a

negligent misrepresentation." *Zanakis-Pico v. Cutter Dodge, Inc.*, 98 Haw. 309,

321, 47 P.3d 1222, 1234 (2002).

Here, Plaintiff fails to meet the second and third elements.

Specifically, Plaintiff does not allege that he relied on the no-longer-true video

testimonial and therefore suffered a pecuniary loss.  To the contrary, Plaintiff

alleges that he knew that the content of the video—his positive testimonial—was

no longer true.  Thus, he cannot, and does not, allege to have suffered a pecuniary

loss caused by his reliance on his statements in the video testimonial.

This claim is DISMISSED with leave to amend.

## C.      Invasion of Privacy/Misappropriation/False Light

Under the Restatement (Second) of Torts § 652A-E (1977), which

Hawaii has adopted, the tort of invasion of privacy can be categorized into several

subtypes, including but not limited to (a) misappropriation of another's name or

likeness, and (b) false light. *See Singleton v. Bank of Am, N.A.*, 2014 WL 6674569, at *4 (D. Haw. Nov. 25, 2014) (citing *Mehau v Reed*, 76 Haw. 101, 111, 869 P.2d 1320, 1330 (1994) and *Chapman v. Journal Concepts, Inc.*, 528 F. Supp. 2d 1081, 1099 (D. Haw. 2007)).

"To make out a common law prima facie claim for misappropriation/unauthorized use, Plaintiff must show (1) that Defendants used his photograph or name; (2) for the Defendants' commercial advantage; (3) without Plaintiff's consent; and (4) thereby injured Plaintiff." *Chapman*, 528 F. Supp. 2d at 1096 (citation omitted); *see also James v. Am. Pac. Univ.*, 2006 WL 8436132, at *8 (D. Haw. Mar. 3, 2006) ("[T]o establish a misappropriation of . . . name or likeness, the Plaintiff must show the following (1) the Defendants used the plaintiff's identity; (2) the Defendants appropriated the Plaintiff's name or likeness to their advantage, commercially or otherwise; and (3) the Plaintiff did not consent to the Defendants' actions.").

And the tort of false light is defined as:

One who gives publicity to a matter concerning another that places the other before the public in a false light is subject to liability to the other for invasion of his privacy, if (a) the false light in which the other was placed would be highly offensive to a reasonable person, and (b) the actor had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed.

*Lee Ching v. Loo Dung*, 145 Haw. 99, 117, 446 P.3d 1016, 1034 (Haw. Ct. App. 2019); *Shahata v. W Steak Waikiki, LLC,* 721 F. Supp. 2d 968, 986 (D. Haw. 2010) (citing *Chung v. McCabe Hamilton & Renny Co., Ltd.,* 109 Haw. 520, 534 n.18, 128 P.3d 833, 847 n.18 (2006)).

   Here, Plaintiff's failure to differentiate among the Defendants is fatal to stating plausible claims for misappropriation and/or false light.  As to misappropriation, the FAC alleges that "Defendants" have benefitted financially from posting his video testimonial on their personal webpage, but the FAC does not identity which Defendant or Defendants benefitted financially or on which Defendant's webpage the video is posted.  Nor does the FAC allege each Defendant's role in appropriating and posting the video, or in what way each Defendant used the video to their advantage.  Thus, the FAC fails to allege a plausible claim for misappropriation.  And by failing to allege each Defendant's specific conduct or failure to act, the FAC fails to allege how each and/or which Defendant "gave publicity" to the video.  Accordingly, the FAC fails to allege a plausible false light claim against any particular Defendant.  These claims are DISMISSED with leave to amend.

///

///

11

**D.    Unjust Enrichment**

To state a claim for unjust enrichment, Plaintiff must allege that Defendants (1) received a benefit without adequate legal basis, and (2) unjustly retained that benefit at Plaintiff's expense. *See Chapman*, 2008 WL 5381353, at *20 (quoting *Porter v. Hu*, 116 Haw. 42, 53, 169 P.3d 994, 1005 (Haw. Ct. App. 2007)) (additional citation omitted).  "Typically, a claim for unjust enrichment arises out of an allegation that the plaintiff has bestowed a benefit in money, property, or services upon the defendant, and the plaintiff then seeks some form of relief in equity to prevent the unjust enrichment of the defendant." *Lumford v. Yoshio Ota*, 144 Haw. 20, 25, 434 P.3d 1215, 1220 (Haw. Ct. App. 2018) (citing *Durette v. Aloha Plastic Recycling, Inc.*, 105 Haw. 490, 504, 100 P.3d 60, 74 (2004) and *Yoneji v. Yoneji*, 136 Haw. 11, 18, 354 P.3d 1160, 1167 (Haw. Ct. App. 2015)).

Hawaii courts, however, apply unjust enrichment broadly, and also recognize a claim where "a plaintiff claims the defendant has been unjustly enriched at his or her expense from a benefit bestowed upon the defendant by a third party." *Lumford*, 136 Haw. at 26, 354 P.3d at 1221 (citing Restatement (Third) of Restitution).  *Lumford* held that "in limited circumstances, a claim for unjust enrichment may be stated by allegations that a third party has conferred a

benefit upon a defendant to which the plaintiff claims he or she has a superior legal or equitable right." *Id.* at 27, 434 P.3d at 1222 (citing Restatement (Third) of Restitution § 48). Alleging only that "the defendant has received a windfall, that the claimant has been ill-treated, and that the third party's payment to the defendant (or the defendant's retention of payment as against the claimant) violates rules of good faith, basic fairness, or common decency, does not suffice to make out a claim in restitution." *Id.* (quoting Restatement (Third) of Restitution § 48 cmt. i).

Finally, "[u]njust enrichment is an equitable remedy which is available only when legal remedies are inadequate." *Reyna v. PNC Bank, N.A.*, 2020 WL 2309248, at *8 (D. Haw. May 8, 2020) (citations omitted); *Porter*, 116 Haw. at 55, 169 P.3d at 1007. Thus, "[t]he absence of an adequate remedy at law . . . is the necessary prerequisite to maintaining [an] equitable [unjust enrichment] claim[]." *Soule v. Hilton Worldwide, Inc.*, 1 F. Supp. 3d 1084, 1102 (D. Haw. 2014) (citation omitted).

Here, the FAC alleges that by posting Plaintiff's video, Defendants promoted their law firm(s). ECF No. 10 at PageID #62. The FAC further alleges that YouTube pays royalties to Defendants for posted videos. *Id.* at PageID #59. And Plaintiff did not authorize "Defendants to post and then earn royalties" from

his video.  *Id.*  Even assuming the truth of these allegations, however, Plaintiff has not stated a claim for unjust enrichment.  First, it is not at all clear whether Plaintiff bestowed a benefit to one or more Defendants.  Second, the FAC fails to allege that Plaintiff is entitled to royalties from YouTube, let alone that he has a superior legal entitlement to such royalties.  Third, as alleged in the FAC, Plaintiff does not dispute that the content of the video was true when recorded and that he originally posted the video.  Thus, it is not clear that any benefit Defendants may have obtained by posting the video to defend against a malpractice claim is unjust.

And finally, the FAC fails to address whether Plaintiff lacks a legal remedy.  The FAC "must at least plead that [his] equitable claim would provide a remedy in the event that [Plaintiff's] legal claims or remedies are found to be inadequate."  *Aquilina v. Certain Underwriters at Lloyd's Syndicate #2003*, 406 F. Supp. 3d 884, 917 (D. Haw. 2019).

Plaintiff's claim for unjust enrichment is DISMISSED with leave to amend.

**E.    IIED**

To state an IIED claim under Hawaii law, a plaintiff must show "(1) that the act allegedly causing the harm was intentional or reckless, (2) that the act was outrageous, and (3) that the act caused (4) extreme emotional distress to

14

another." *Enoka v. AIG Haw. Ins. Co.*, 109 Haw. 537, 559, 128 P.3d 850, 872 (2006) (quoting *Hac v. Univ. of Haw.*, 102 Haw. 92, 106-07, 73 P.3d 46, 60-61 (2003)). To be sufficiently "outrageous," it matters not whether a defendant acted with tortious or even criminal intent, intended to inflict emotional distress, or that his conduct is characterized by malice or would entitle the plaintiff to punitive damages for another tort. *See Ross v. Stouffer Hotel Co. (Hawaii) Ltd.*, 76 Haw. 454, 465 n.12, 879 P.2d 1037, 1048 n.12 (1994) (citing Restatement (Second) of Torts § 46, cmt. d). Rather, the conduct at issue must be "so extreme in degree, as to go beyond all bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* (quoting Restatement (Second) of Torts § 46, cmt. d). That is, the conduct must be such that "the recitation of the facts to an average member of the community would arouse his resentment against the actor and lead him to exclaim, 'Outrageous!'" *Id.* (quoting Restatement (Second) of Torts § 46, cmt. d). The task of determining "whether the actions of the alleged tortfeasor are unreasonable or outrageous is for the court in the first instance, although where reasonable people may differ on that question it should be left to the jury." *Young v. Allstate Ins. Co.*, 119 Haw. 403, 429, 198 P.3d 666, 692 (2008) (internal quotation marks and citation omitted).

Here, the FAC alleges that Defendants posted the video of Plaintiff "praising" Defendants after learning that Plaintiff intended to sue them for legal malpractice and no longer believed his statements in the video. ECF No. 10 at PageID #63. But as the April 22 Order explained,

> the posting of Plaintiff's video testimonial, even knowing that Plaintiff no longer stood by that testimonial, is not "so outrageous in character, and so extreme in degree, as to go beyond all bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Ross*, 76 Haw. at 465 n.12, 879 P.2d at 1048 n.12. That is, without more, the mere posting of a false video testimonial is not sufficiently "outrageous." *See, e.g.*, *Allen v. Quest Online, LLC*, 2011 WL 4403674, at *10 (D. Ariz. Sept. 22, 2011) (finding the defendant former employer's actions—negative press releases, interviews, and blog and internet postings—did not, by themselves, "demonstrate conduct . . . so extreme in degree, as to go beyond all bounds of decency") (internal quotation marks omitted); *Card v. Pipes*, 398 F. Supp. 2d 1126, 1136 (D. Or. 2004) ("[A]llegations that the defendants attempted to coerce the plaintiff to undertake certain actions with the threat of continued publication [in print and online] of defamatory statements does not allege sufficiently outrageous conduct to state a claim for IIED.").

ECF No. 9 at PageID #52-53. Plaintiff attempts to remedy this by characterizing the posting as outrageous, but he adds no facts that were not previously alleged and found to be insufficient. For example, the FAC alleges that "there can be no more an outrageous act than taking advantage of the Plaintiff after his mother's wrongful

death trial by posting a video of him praising them after they were noticed of

Plaintiff's intent to sue for Legal Malpractice."  ECF No. 10 at PageID #63.  The

FAC further alleges that "Defendants had botched the Plaintiff's case . . . that of

his mother's death following knee surgery."  *Id.*  But these allegations merely flesh

out what was apparent before—Plaintiff believed that the legal representation

Defendants provided constituted malpractice, he notified Defendants of this fact,

and Defendants posted the video to discredit and/or otherwise harm Plaintiff.

Nothing in the FAC suffices to establish the requisite "outrageousness" to state a

plausible claim for IIED.  This claim is DISMISSED with leave to amend.

## F.    Leave to Amend

Because Plaintiff may be able to amend the FAC to include factual

allegations sufficient to state plausible tort claims, the court GRANTS him leave to

amend his pleading by June 29, 2020 to attempt to cure the deficiencies set forth

above.  If Plaintiff chooses to file an amended complaint, he must (1) allege the

basis of this court's jurisdiction, (2) state each claim he is making, (3) name the

defendant against who he asserts a claim, (4) allege exactly what that defendant

did or failed to do, (5) allege what specific injury he suffered because of that

Defendant's conduct, and (6) state what specific relief he seeks.  Plaintiff must

repeat this process for each person or entity that he names as a Defendant.  In other

words, Plaintiff should explain, in clear and concise allegations, what each

Defendant did (or failed to do) and how those specific facts create a plausible

claim for relief in reference to each specific cause of action.  In addition, Plaintiff

must comply with the Federal Rules of Civil Procedure and the Local Rules for the

United States District Court for the District of Hawaii.

An amended complaint generally supersedes a prior complaint and

must be complete in itself without reference to the prior pleading.  *King v. Atiyeh*,

814 F.2d 565, 567 (9th Cir. 1987), *overruled in part by Lacey v. Maricopa Cty.*,

693 F.3d 896 (9th Cir. 2012) (en banc).  Claims dismissed without prejudice that

are not realleged in an amended complaint may be deemed voluntarily

dismissed.  *See Lacey*, 693 F.3d at 928 (stating that claims dismissed with

prejudice need not be repled in an amended complaint to preserve them for appeal,

but claims that are voluntarily dismissed are considered waived if they are not

repled).

The amended complaint must state that it is the "Second Amended

Complaint," and it may not incorporate any part of the original Complaint or FAC

by reference, but rather, any specific allegations must be retyped or rewritten in

their entirety.  Plaintiff may include only one claim per count.  Any cause of action

that is not raised in the Second Amended Complaint is waived.  *See id.*  Failure to

file an amended complaint by June 29, 2020 will result in automatic dismissal of this action.

## V.  <u>CONCLUSION</u>

Based on the foregoing, the FAC is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim.  Plaintiff is GRANTED leave to file a Second Amended Complaint by June 29, 2020 to attempt to cure the deficiencies set forth above.  Failure to file a Second Amended Complaint by June 29, 2020 will result in automatic dismissal of this action.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, May 27, 2020.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Evans v. Crowe & Mulvey, LLP, et al.*, Civ. No. 20-00082 JMS-KJM, Order Dismissing First Amended Complaint With Leave to Amend

19